## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
(Southern Division)

JOSE CARLOS ALFARO
3728 New Hampshire Ave NW, Apt 301
Washington DC 20010

CLAUDIA AJPUAC CAMPA
1417 Kanawha St #302
Hyattsville, MD 20783

SERGIO ALVARADO GARCIA
3803 Executive Ave, Apt B1
Alexandria, VA 22305

MARIANA AMPARO CARINO
6241 64th Ave #02
Riverdale, MD 20737

ELIZABETH BELLO OCHOA
5501 Randolph St
Hyattsville, MD 20784

INGRI BELLOSO
3801 Everton St
Silver Spring, MD 20906

DONEYDA BENITEZ DOMINGUEZ
3852 Florence Dr, Apt 1
Alexandria, VA 22305

ESPERANZA DE JESUS BLANCO
3808 Executive Ave #C11
Alexandria, VA 22305

RAFAEL BONILLA
3607 63rd Ave
Hyattsville, MD 20785

SULY BORJA VASQUEZ
6801 Riggs Rd, Apt 04
Hyattsville, MD 20783

Case No. _____


Collective and Class Action Complaint

ANA ISABEL CABALLERO HERRERA
1811 Crain Highway
Bowie, MD 20716

CARLA PATRICIA CABRERA PAZ
455 N. Armistead St #2
Alexandria, VA 22312

ANA JULIA CALLEJAS CARBAJAL
7621 25th Ave
Adelphi, MD 20783

MANUEL CAMPOS MONTERROZA
3846 Florence Dr, Apt 6
Alexandria, VA 22305

CARLOS CASTRO
22 Manchester Place #203
Silver Spring, MD 20901

CLAUDIA ELIZABETH CASTRO
2810 Ritchie Rd
District Heights, MD 20747

OSMIN WILSON GARCIA RAMIREZ
2939 Patrick Henry Dr, Apt 201
Falls Church, VA 22044

MIRIAM GONZALEZ RAVELO
5247 Kenilworth Ave #302
Hyattsville, MD 20781

FLORINDA GUIZAR
6622 23rd Pl
Hyattsville, MD 20782

ANA BERTA HERRERA CARINO
5808 Sir Galahad Rd
Glenn Dale, MD 20769

JOSE LUIS HERRERA CARINO
6241 64th Ave #02
Riverdale, MD 20737

SONIA ARACALY HUEZO

6519 Allentown Rd
Temple Hills, MD 20748

LAURA JUAREZ MOGUEL
5247 Kenilworth Ave #302
Hyattsville, MD 20781

EMILIA MARGARITA LEMUS
8119 14th Ave #101
Hyattsville, MD 20783

NANCY LOPEZ
817 Marcy Ave #201
Oxon Hill, MD 20745

GLADYS MANCIA VALLE
6015 Sheridan St
Riverdale, MD 20737

MARIA MATUTE
4701 Kenmore Ave #921
Alexandria, VA 22304

MAYRA MELENDEZ
1444 Spring Rd NW
Washington, DC 20010

RAQUEL MORALES
5237 Kenilworth Ave #102
Hyattsville, MD 20781

LEA PINEDA DE VASQUEZ
9211 Rolling View Dr
Lanham, MD 20706

YESENIA CAROLINA POSADA TORRES
302 S Whiting St, Apt 522
Alexandria, VA

JOSE RAMOS
7743 Normandy Rd
Landover, MD 20785

GEYDI CAROLINA RIVERA CRUZ
6608 Woodland Rd

3

Morningside, MD 20746

ANA LILIA SOSA
4905 47th Ave
Hyattsville, MD 20781

HERIBERTO TORRES MARTINEZ
3417 Toledo Terrace, Apt A
Hyattsville, MD 20782

ADRIANA VELAZQUEZ RIVERA
6100 Longfellow St
Riverdale, MD 20737

CATALINA VENTURA
2623 N. Van Dorn St, Apt 103
Alexandria, VA 22302

SENIA VILLATORO HERIBERTO TORRES
8313 Pondside Terrace
Alexandria, VA 22309

WOSUELI YOC GOMEZ
3032 Patrick Henry Dr, Apt 102
Falls Church, VA 22044

and

FRANCISCO YOC LOPEZ
3032 Patrick Henry Dr, Apt 102
Falls Church, VA 22044

***On Behalf of Themselves and All Others
Similarly Situated,***

                    Plaintiffs,

         v.

GALI SERVICE INDUSTRIES, INC.
c/o The Corporation Trust, Inc.
2405 York Rd Ste 201
Lutherville Timonium, MD 21093-2264

4

BOLANA ENTERPRISES INC.
c/o LeRoy D. Dock
11708 Bishops Content Road, Apt 201
Bowie, MD 20721

FRANCISCO GALI, SR.
6504 Smoot Drive
McLean, VA 22101

FRANCISCO GALI, JR.
10109 Garden Way
Potomac, MD 20854

LEROY D. DOCK
11708 Bishops Content Road, Apt 201
Bowie, MD 20721

Corporations A-D

And

John Does I-X

                Defendants.

## COMPLAINT

Plaintiffs, on behalf of themselves and all others similarly situated, allege the below.  All allegations are based on Plaintiffs' current knowledge, information, and belief, and are subject to amendment based on information learned during discovery.

## NATURE OF THE ACTION

1.  Plaintiffs are 40 employees or former employees of Defendants Gali Service Industries, Inc. ("GSI") and GSI owners Francisco Gali Jr. and Francisco Gali Sr.  GSI is a janitorial

services business that sent Plaintiffs and other similarly situated employees to work at buildings across Maryland, Virginia, and the District of Columbia.

2.     Upon information and belief, Defendants Francisco Gali, Sr. and Francisco Gali, Jr. are owners and officers of GSI.

3.     Upon information and belief, Defendant LeRoy D. Dock is Chief Operating Officer of GSI and an initial director and registered agent of Defendant Bolana Enterprises Inc. ("Bolana").

4.     Upon information and belief, Defendant Bolana is a successor in interest to GSI. Plaintiffs expect that discovery will reveal other successors in interest (Corporations A-D) and other individuals who employed Plaintiffs and other similarly situated employees (John Does I-X).

5.     GSI discontinued all or substantially all of its business on or around September 11, 2018. Defendants terminated Plaintiffs' employment around that date, and did not pay Plaintiffs and others similarly situated for a portion of their time worked in August and September 2018, did not pay some or all Plaintiffs accrued leave or other benefits, and did not provide them notice that GSI's business would be discontinued, in violation of: the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"); the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 *et seq.* (the "WARN Act"); the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. Art. §§ 3-501 *et seq*. ("MWPCL"); the District of Columbia Wage Payment and Collection Law, D.C. Code §§ 32-1301 *et seq*. ("DCWPCL"); and Virginia common law.

6.     Plaintiffs bring their FLSA claims individually and as a collective action pursuant to 29 U.S.C. § 216(b).  They bring their WARN Act claims individually and as a class action

pursuant to Fed. R. Civ. P. 23 and 29 U.S.C. § 2104(a)(5).  Plaintiffs also bring their

MWPCL claims, DCWPCL claims, and Virginia contract law claims as class actions

pursuant to Fed. R. Civ. P. 23.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over Counts I and II of this Complaint, for

violations of the FLSA and the WARN Act, pursuant to 28 U.S.C. § 1337 and 28 U.S.C.

§ 1331, because those causes of action arise under the laws of the United States.

8.     The Court has supplemental jurisdiction over Counts III through V, arising under the

laws of Maryland, the District of Columbia, and Virginia respectively, pursuant to 28

U.S.C. § 1367(a), because those claims arise from a common set of operative facts as

those in Counts I and II, and are so related to the claims in Counts I and II that they form

part of the same case or controversy.

9.     Venue is proper in the United States District Court for the District of Maryland, Southern

Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of Defendants'

actions and omissions giving rise to the claims in this Complaint occurred in Maryland.

Defendant GSI is a Maryland corporation with its principal place of business in

Rockville, Maryland.  Defendant Bolana is a Maryland corporation with its principal

place of business in Lanham, Maryland.  On information and belief, Defendant Francisco

Gali, Sr. does business in Maryland and is subject to personal jurisdiction in the district.

Defendant Francisco Gali, Jr., in addition to doing business in Maryland, is also a

resident of Maryland's Southern Division.  On information and belief, Defendant Leroy

D. Dock also does business in Maryland and is also a resident of Maryland's Southern Division.

## **PLAINTIFFS**

10. Mariana Amparo Carino is a resident of Maryland and worked for GSI and other Defendants from approximately 2001 to September 2018, performing cleaning services in Landover, Maryland.

11. Claudia Ajpuac Campa is a resident of Maryland and worked for GSI and other Defendants from approximately March 2009 to September 2018, performing cleaning services at the University of Maryland and other locations.  She is now performing the same work at the University of Maryland, but is paid by Defendant Bolana.

12. Elizabeth Bello Ochoa is a resident of Maryland and worked for GSI and other Defendants from approximately June 2018 to September 2018, performing cleaning services in District Heights, Maryland.

13. Suly Borja Vasquez is a resident of Maryland and worked for GSI and other Defendants from approximately 2012 to September 2018, performing cleaning services in Silver Spring, Maryland.

14. Carlos Castro is a resident of Maryland and worked for GSI and other Defendants from approximately 2013 to September 2018, performing cleaning services in Silver Spring, Maryland.

15. Claudia Elizabeth Castro is a resident of Maryland and worked for GSI and other Defendants from approximately July 2017 to September 2018, performing cleaning services in District Heights, Maryland.

16.     Miriam Gonzales Ravelo is a resident of Maryland and worked for GSI and other
        Defendants from approximately 2012 to September 2018, performing cleaning services
        near Hyattsville, Maryland.

17.     Florinda Guizar is a resident of Maryland and worked for GSI and other Defendants from
        approximately December 2007 to September 2018, performing cleaning services in
        Maryland.

18.     Ana Berta Herrera Carino is a resident of Maryland and worked for GSI and other
        Defendants from approximately 2005 to September 2018, performing cleaning services in
        Landover, Maryland.

19.     Jose Luis Herrera Carino is a resident of Maryland and worked for GSI and other
        Defendants from approximately August 2017 to September 2018, performing cleaning
        services in Landover, Maryland.

20.     Sonia Aracaly Huezo is a resident of Maryland and worked for GSI and other Defendants
        from approximately May 2017 to September 2018, performing cleaning services in
        District Heights, Maryland.

21.     Laura Juarez Moguel is a resident of Maryland and worked for GSI and other Defendants
        from approximately 2005 to September 2018, performing cleaning services in District
        Heights, Maryland.

22.     Emilia Margarita Lemus is a resident of Maryland and worked for GSI and other
        Defendants from approximately 2002 to September 2018, performing cleaning services in
        Oxon Hill, Maryland.

23.     Nancy Lopez is a resident of Maryland and worked for GSI and other Defendants from approximately May 2017 to September 2018, performing cleaning services in Oxon Hill, Maryland.

24.     Gladys Mancia Valle is a resident of Maryland and worked for GSI and other Defendants from approximately 2015 to September 2018, performing cleaning services in Riverdale, Maryland.

25.     Raquel Morales is a resident of Maryland and worked for GSI and other Defendants from approximately 2012 to September 2018, performing cleaning services in Silver Spring, Maryland.

26.     Lea Pineda de Vasquez is a resident of Maryland and worked for GSI and other Defendants from approximately June 2017 to September 2018, performing cleaning services in Capitol Heights, Maryland.

27.     Geydi Carolina Rivera Cruz is a resident of Maryland and worked for GSI and other Defendants from approximately 2014 to September 2018, performing cleaning services in Capitol Heights, Maryland.

28.     Ana Lilia Sosa is a resident of Maryland and worked for GSI and other Defendants from approximately April 2011 to September 2018, performing cleaning services in Landover, Maryland.

29.     Ana Julia Callejas Carbajal is a resident of Maryland and worked for GSI and other Defendants from approximately September 2013 to September 2018, performing cleaning services in Riverdale, Maryland.

30.    Sergio Alvarado Garcia is a resident of Virginia and worked for GSI and other Defendants from approximately August 2016 to September 2018, performing cleaning services in Crystal City, Virginia.

31.    Carla Patricia Cabrera Paz is a resident of Virginia and worked for GSI and other Defendants from approximately October 2013 to September 2018, performing cleaning services in Arlington, Virginia.

32.    Doneyda Benitez Dominguez is a resident of Virginia and worked for GSI and other Defendants from approximately July 2018 to September 2018, performing cleaning services in Alexandria, Virginia.

33.    Esperanza de Jesus Blanco is a resident of Virginia and worked for GSI and other Defendants from approximately February 2016 to September 2018, performing cleaning services in Arlington, Virginia.

34.    Manuel Campos Monterroza is a resident of Virginia and worked for GSI and other Defendants from approximately February 2017 to September 2018, performing and supervising cleaning services in Alexandria, Virginia.

35.    Osmin Wilson Garcia Ramirez is a resident of Virginia and worked for GSI and other Defendants from approximately July 2017 to September 2018, performing cleaning services in Alexandria, Virginia.

36.    Maria Matute is a resident of Virginia and worked for GSI and other Defendants from approximately 2001 to September 2018, performing cleaning services in Alexandria, Virginia.

37.   Yesenia Carolina Posada Torres is a resident of Virginia and worked for GSI and other Defendants from approximately December 2016 to September 2018, performing cleaning services near Tyson's Corner, Virginia, and then in Alexandria, Virginia.

38.   Heriberto Torres Martinez is a resident of Maryland and worked for GSI and other Defendants from approximately May 2013 to September 2018, performing cleaning services in Alexandria, Virginia and Arlington, Virginia.

39.   Catalina Ventura is a resident of Virginia and worked for GSI and other Defendants from approximately June 2018 to September 2018, performing cleaning services in Virginia.

40.   Senia Villatoro Heriberto Torres is a resident of Virginia and worked for GSI and other Defendants from approximately 2004 to September 2018, performing cleaning services in Arlington, Virginia.

41.   Wosueli Yoc Gomez is a resident of Virginia and worked for GSI and other Defendants from approximately 2009 to September 2018, performing cleaning services in Falls Church, Virginia.

42.   Francisco Yoc Lopez is a resident of Virginia and worked for GSI and other Defendants from approximately April 2009 to September 2018, performing cleaning services in Falls Church, Virginia.

43.   Jose Carlos Alfaro is a resident of the District of Columbia and worked for GSI and other Defendants from approximately 2016 to September 2018, performing cleaning services in the District of Columbia.

44.   Ingri Belloso is a resident of Maryland and worked for GSI and other Defendants from approximately February 2014 to September 2018, performing cleaning services in the District of Columbia.

45.    Rafael Bonilla is a resident of Maryland and worked for GSI and other Defendants from approximately May 2014 to September 2018, performing cleaning services first in Maryland and then in the District of Columbia.

46.    Ana Isabel Caballero Herrera is a resident of Maryland and worked for GSI and other Defendants from approximately 2005 to September 2018, performing cleaning services in the District of Columbia.

47.    Mayra Melendez is a resident of the District of Columbia and worked for GSI and other Defendants from approximately October 2013 to September 2018, performing cleaning services in the District of Columbia.

48.    Jose Ramos is a resident of Maryland and worked for GSI and other Defendants from approximately May 2014 to September 2018, performing and supervising cleaning services in the District of Columbia.

49.    Adriana Velazquez Rivera is a resident of Maryland and worked for GSI and other Defendants from approximately March 2011 to September 2018, performing cleaning services in the District of Columbia.

50.    Pursuant to 29 U.S.C. § 216(b), all of the above-named Plaintiffs have consented to being plaintiffs in this action.  Their consent forms are attached as Exhibit A to this Complaint.

51.    Plaintiffs and similarly situated persons were employees of Defendants as that term is defined in the FLSA, 29 U.S.C. § 203(e).

52.    Plaintiffs, and all others similarly situated, were employed in an "enterprise engaged in commerce" under the FLSA, 29 U.S.C. § 203(s).

53.    Plaintiffs were either employees or part-time employees of GSI, as defined by the WARN Act, and were "affected employees" and "aggrieved employees" as defined by the

13

WARN Act.  29 U.S.C. §§ 2101 and 2104.  When GSI closed on or about September 11, 2018, Plaintiffs and those similarly situated experienced an "employment loss" as defined by the WARN Act. 29 U.S.C. § 2101.

54.    All Plaintiffs to whom the MWPCL applies were employees of Defendants as that term is interpreted pursuant to Md. Code Ann., Lab. & Empl. Art. §§ 3-501 *et seq*.

55.    All Plaintiffs to whom the DCWPCL applies were "employees" of Defendants under the DCWPCL, D.C. Code § 32-1301.

## **DEFENDANTS**

56.    Defendant GSI is a janitorial services business registered in the State of Maryland.  Its principal place of business is 12312 Wilkins Avenue, Rockville, MD 20852.

57.    Defendant Francisco Gali, Sr. is a resident of Virginia and an owner and officer of GSI. Upon information and belief, he exercised control over hiring, firing, setting schedules for, determining the rate and method of payment for, and maintaining employment records for Plaintiffs and other GSI employees.

58.    Defendant Francisco Gali, Jr. is a resident of Maryland and an owner and officer of GSI. Upon information and belief, he exercised control over hiring, firing, setting schedules for, determining the rate and method of payment for, and maintaining employment records for Plaintiffs and other GSI employees.

59.    Defendant LeRoy D. Dock is a resident of Maryland and an officer of GSI.  Upon information and belief, he exercised control over hiring, firing, setting schedules for, determining the rate and method of payment for, and maintaining employment records

for Plaintiffs and other GSI employees.  Defendant LeRoy D. Dock is an initial director and registered agent of Bolana.

60.     On information and belief, during the relevant time period, Defendant GSI was an employer within the meaning of the WARN Act, 29 U.S.C. § 2101(a), employing 100 or more full-time employees or 100 or more employees who in the aggregated worked at least 4000 hours per week.

61.     At all relevant times, each defendant was an employer of Plaintiffs and others similarly situated within the meaning of the FLSA, 29 U.S.C. § 203(d); the MWPCL, Md. Code Ann., Lab. & Empl. Art. § 3-501(b); and the DCWPCL, D.C. Code § 32-1301(1B).

62.     Other directors and officers at GSI or its successors in interest may also have had the power to hire and fire employees, supervise and control employee work schedules and conditions of employment, determine the rate and method of employee pay, or maintain employment records, and thus may also be employers of Plaintiffs and others similarly situated within the meaning of the FLSA, the MDWPCL, and the DCWPCL, and have obligations under Virginia common law to pay Plaintiffs and others similarly situated for their work.  Plaintiffs expect that discovery will reveal the number and identity of these potential employers, captioned above as John Does I-X.

63.     On information and belief, after its closure, GSI transferred some of its cleaning contracts to other businesses, which are using some of the same equipment as was GSI, employing some of the same employees as was GSI, and which are run and/or owned by the same or some of the same people who ran and/or owned GSI.  Plaintiffs expect that discovery will reveal that these businesses, captioned above as Corporations A-D, are successors in interest to GSI.

64.     On information and belief, one of these successors in interest is Defendant Bolana, a

        Maryland corporation with its principal place of business at 5710 Lincoln Avenue,

        Lanham, MD 20706.  GSI and Bolana share at least one common owner, Defendant

        Francisco Gali Jr.  GSI and Bolana also share or have shared other directors in common.

        LeRoy D. Dock is the Chief Operating Officer of GSI, and was an initial director and

        registered agent of Bolana when it was incorporated in 2004.  Bolana also continues to

        employ some of the same employees that GSI employed.  Plaintiffs expect that discovery

        will reveal additional links between Bolana and the other Defendants in this action.

## STATEMENT OF FACTS

65.     GSI provided janitorial services at buildings located in Maryland, the District of

        Columbia, and Virginia.  Defendants sent Plaintiffs and other similarly situated

        employees to various sites in these three jurisdictions to perform and/or supervise

        cleaning and janitorial services.

66.     On or about September 11, 2018, Defendants terminated the employment of Plaintiffs

        and similarly situated individuals.

67.     On or about September 11, 2018, Defendants shut down GSI's site of employment at

        12312 Wilkin Avenue, Rockville, MD 20852, and laid off all or a substantial number of

        GSI employees, constituting a plant closing or mass layoff as those terms are defined in

        29 U.S.C. § 2101(a) and 20 C.F.R. § 639.3(i)(6).

68.     Defendants did not provide 60 days' notice to Plaintiffs or other affected employees that

        GSI's site of employment would be shutting down.  Instead, Defendants informed

16

Plaintiffs and other affected employees of the shut down on or around September 11, 2018.

69.     Defendants did not pay Plaintiffs for a portion of their work performed in August and September 2018 before this shutdown, and did not pay them the paid leave and benefits that they had accrued.

70.     The exact number of hours worked, and wages owed, to Plaintiffs and those similarly situated will only be known through discovery.

71.     Subject to information revealed during discovery, Plaintiffs' claims, on behalf of themselves and others similarly situated, may also include claims for unpaid overtime and failure to pay for their first week of work.

72.     Defendants' failure to pay Plaintiffs was willful and intentional.  No bona fide dispute exists as to the fact that Defendants are required to pay Plaintiffs and other similarly situated employees, and the wages withheld from them were not withheld as a result of a bona fide dispute.

**FLSA COLLECTIVE ACTION CLASS (Against All Defendants)**

73.     Plaintiffs bring this action individually and as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b), on behalf of themselves and all other persons similarly situated, based on employment with Defendants during the months of August and September 2018, to recover lost wages, liquidated damages, interest, attorneys' fees, costs, and all other relief as appropriate for Defendants' willful FLSA violations.

74.     Defendants had an obligation under 29 U.S.C. § 206 to pay all members of the proposed collective action class a minimum wage of at least $7.25 per hour.

75.   During the months of August and September 2018, Defendants denied all members of the proposed collective action class minimum wages due for work performed.  These actions were willful, knowing, and intentional violations of the FLSA.

76.   All members of the proposed collective action class are "similarly situated" within the meaning of the FLSA, 29 U.S.C. § 216(b).  They were employed in the same or similar positions, had the same or similar duties, were subject to the same unlawful failure to pay wages, and have claims based on the same legal theories.

77.   Plaintiffs are representative of other similarly situated persons and are acting on behalf of their interests, as well as Plaintiffs' own interests in bringing this action.

78.   These similarly-situated persons are known to Defendants and are readily identifiable, and may be located through Defendants' records.

## WARN ACT CLASS (Against GSI)

79.   Plaintiffs bring this action individually and as a class action pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ. P. 23, on behalf of themselves and all other persons similarly situated, based on employment with GSI during the months of August and September 2018, to recover back wages, paid leave, and other benefits for every day of the 60 days that Defendants failed to give them notice of GSI's plant closing or mass layoff.  Plaintiffs also seek, for themselves and others similarly situated, interest, attorneys' fees, costs, and all other relief as appropriate for Defendants' WARN Act violations.

80.   Plaintiffs bring this action as a class action on behalf of themselves and a class of all other persons who were employed by GSI in August and September 2018, did not receive

wages from GSI during any part of those months, and were not given the required 60 days' notice of GSI's plant closing or mass layoff.

81. The members of the proposed class are so numerous that joinder of all members is impracticable.  Plaintiffs believe that the number of proposed class members exceeds 300.

82. Plaintiffs will fairly and adequately represent and protect the interests of the proposed class members.

83. Plaintiffs' counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this case.

84. There are questions of law and fact common to the class that predominate over any questions affecting only individual members of the class, including whether Defendants violated the WARN Act.

85. Plaintiffs' claims are typical of the claims of the proposed class members.

86. Because questions of law and fact common to the class predominate over any question affecting only individual members of the class, class certification is appropriate under Fed. R. Civ. P. 23.

## <u>MARYLAND CLASS (Against All Defendants)</u>

87. Plaintiffs who worked for Defendants in Maryland bring MWPCL claims individually and as a class action under Fed. R. Civ. P. 23, on behalf of themselves and all other persons who are similarly situated and to whom the MWPCL applies to recover wages, interest, attorneys' fees, costs, treble damages, and all other relief as appropriate under the MWPCL, Md. Code Ann., Lab. & Empl. Art. § 3-507.2.

88.     Plaintiffs bring this action as a class action on behalf of themselves and a class of all

        other persons who were employed by Defendants in August and September 2018, and did

        not receive wages for their work for Defendants during any part of that time period.

89.     The members of the proposed class are so numerous that joinder of all members is

        impracticable.

90.     Plaintiffs will fairly and adequately represent and protect the interests of the proposed

        class members.

91.     Plaintiffs' counsel are competent and experienced in litigating class actions and other

        complex litigation matters, including wage and hour cases like this case.

92.     There are questions of law and fact common to the class that predominate over any

        questions affecting only individual members of the class, including whether Defendants

        violated the MWPCL.

93.     Plaintiffs' claims are typical of the claims of the proposed class members.

94.     Because questions of law and fact common to the class predominate over any question

        affecting only individual members of the class, class certification is appropriate under

        Fed. R. Civ. P. 23.

## **DISTRICT OF COLUMBIA CLASS (Against All Defendants)**

95.     Plaintiffs who worked for Defendants in the District of Columbia bring DCWPCL claims

        individually and as a class action under Fed. R. Civ. P. 23, on behalf of themselves and

        all other persons who are similarly situated and to whom the DCWPCL applies, to

        recover wages, interest, attorneys' fees, costs, liquidated damages equal to equal to treble

the amount of unpaid wages, and all other relief as appropriate under the DCWPCL, D.C. Code § 32-1308(a)(1)(A).

96.   Plaintiffs bring this action as a class action on behalf of themselves and a class of all other persons who were employed by Defendants in August and September 2018, and did not receive wages for their work for Defendants during any part of that time period.

97.   The members of the proposed class are so numerous that joinder of all members is impracticable.

98.   Plaintiffs will fairly and adequately represent and protect the interests of the proposed class members.

99.   Plaintiffs' counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this case.

100.   There are questions of law and fact common to the class that predominate over any questions affecting only individual members of the class, including whether Defendants violated the DCWPCL.

101.   Plaintiffs' claims are typical of the claims of the proposed class members.

102.   Because questions of law and fact common to the class predominate over any question affecting only individual members of the class, class certification is appropriate under Fed. R. Civ. P. 23.

## VIRGINIA CLASS (Against All Defendants)

103.   Plaintiffs who worked for Defendants in Virginia bring Virginia common law breach of contract claims individually and as a class action under Fed. R. Civ. P. 23, on behalf of

themselves and all other persons similarly situated to recover wages, interest, and any other relief the court deems proper.

104.    Plaintiffs bring this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and a class of all other persons who were employed by Defendants in August and September 2018, and did not receive wages for their work for Defendants during any part of that time period.

105.    The members of the proposed class are so numerous that joinder of all members is impracticable.

106.    Plaintiffs will fairly and adequately represent and protect the interests of the proposed class members.

107.    Plaintiffs' counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this case.

108.    There are questions of law and fact common to the class that predominate over any questions affecting only individual members of the class, including whether Defendants violated Virginia common law due to their failure to pay wages owed.

109.    Plaintiffs' claims are typical of the claims of the proposed class members.

110.    Because questions of law and fact common to the class predominate over any question affecting only individual members of the class, class certification is appropriate under Fed. R. Civ. P. 23.

## COUNT I: VIOLATION OF THE FLSA (Collective Action, Against All Defendants)

111.    Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 – 110 above.

112.    At all times relevant to this complaint, 29 U.S.C. § 206 provided that "[e]very employer shall pay to each of his employees . . . who in any workweek is . . . employed in an enterprise engaged in commerce . . . wages at . . . $7.25 an hour."  The FLSA thus required Defendants to pay Plaintiffs, and all others similarly situated, at least $7.25 for each hour they worked.

113.    As set forth above, Defendants failed to pay Plaintiffs, and others similarly situated, any wages at all during part of August and September 2018, to the injury of Plaintiffs and others similarly situated.

114.    Defendants' violations of the FLSA were repeated, willful, intentional, and in bad faith.

115.    WHEREFORE, under the FLSA, Defendants are liable to Plaintiffs and all others similarly situated for unpaid wages, plus an equal amount in liquidated damages, interest, attorney's fees, costs, and any other relief deemed appropriate by the Court.

**<u>COUNT II: VIOLATION OF THE WARN ACT (Class Action, Against GSI)</u>**

116.    Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 – 115 above.

117.    GSI did not provide Plaintiffs and others similarly situated with written notice 60 days prior to its plant closing or mass layoff, as required by the WARN Act.  Instead, it gave notice to Plaintiffs and others on or around September 11, 2018.

118.    Under 29 U.S.C. § 2104(a), GSI is required to provide Plaintiffs and others similarly situated with back pay at a rate of compensation not less than the higher of the average regular rate received by each employee during the last three years of his or her

23

employment or the final regular rate received by him or her, as well as compensation for benefits.

119.    GSI's failure to provide the required advanced written notice, and failure to provide Plaintiffs and others with back pay were willful violations of the WARN act, and were not done in good faith.

120.    WHEREFORE, Defendants are liable to Plaintiffs and all others similarly situated under the WARN Act for back pay and benefits for up to 60 days, reasonable attorneys' fees, costs, and any other relief deemed appropriate by the Court.

## COUNT III: VIOLATION OF THE MWPCL (Class Action, Against All Defendants)

121.    Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 – 120 above.

122.    As set forth above, Defendants unlawfully failed to pay Plaintiffs all wages due on their regular paydays in violation of Md. Code Ann., Lab. & Empl. Art. § 3-502.

123.    By failing to compensate Plaintiffs for all hours worked, Defendants have made unlawful deductions from Plaintiffs' pay in violation of Md. Code Ann., Lab. & Empl. Art. § 3-503.

124.    By failing to compensate Plaintiffs for all hours worked, Defendants have failed to make payments of wages, including accrued leave, in violation of Md. Code Ann., Lab. & Empl. Art. § 3-505.

125.    Defendants' failure to pay all required wages was not the result of a bona-fide dispute.

126. WHEREFORE, Defendants are liable to Plaintiffs and all others similarly situated under Md. Code Ann., Lab. & Empl. Art. § 3-507.2 for unpaid wages, treble damages, interest, reasonable attorneys' fees, costs, and any other relief deemed appropriate by the Court.

## COUNT IV: VIOLATION OF THE DCWPCL  (Class Action, Against All Defendants)

127. Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 – 126 above.

128. The DCWPCL, D.C. Code § 32-1302, requires Defendants to pay Plaintiffs, and all others similarly situated, all wages due for work performed.

129. As set forth above, Defendants failed to pay Plaintiffs, and all others similarly situated, their wages during part of August and September 2018, to the injury of Plaintiffs and all others similarly situated.  Defendants are thus jointly and severally liable to Plaintiffs, and all others similarly situated, for damages.

130. Defendants' violations of the DCWPCL were repeated, willful, intentional, and in bad faith.

131. WHEREFORE, Defendants are liable to Plaintiffs and all others similarly situated under the DCWPCL, D.C. Code § 32-1308(a), for unpaid wages, liquidated damages equal to treble the amount of unpaid wages, interest, attorneys' fees, costs, and any other relief deemed appropriate by the Court.

**COUNT V: VIOLATION OF VIRGINIA COMMON LAW  (Class Action, Against All Defendants)**

132.    Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 – 131 above.

133.    As can be inferred from the course of conduct of the parties, Defendants had a legally enforceable obligation to pay Plaintiffs, and others similarly situated, for their work on behalf of Defendants.

134.    Defendants breached that obligation by failing to pay Plaintiffs and others similarly situated for their work during part of August and September 2018.

135.    Plaintiffs and others similarly situated sustained injury as a direct and proximate result of Defendants' breach.

136.    WHEREFORE, Defendants are liable to Plaintiffs and all others similarly situated for unpaid wages, interest, and any other relief deemed appropriate by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, respectfully request that the Court:

A.    Declare this action to be maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and direct Defendants to provide to Plaintiffs a list of all persons employed by them as hourly and salaried employees during August and September 2018, including the last known street address, email address, and telephone number(s) of each such person, so that Plaintiffs can give such persons

notice of this action and an opportunity to make an informed decision about whether to participate in it;

B.     Declare this action to be maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3), certify the respective WARN Act, MWPCL, DCWPCL, and Virginia Common Law classes, and designate Plaintiffs as representatives for those classes and Plaintiffs' undersigned counsel as class counsel for those classes;

C.     Determine the damages sustained by Plaintiffs, and all other similarly situated employees, as a result of Defendants' willful and intentional violations of the FLSA and award all appropriate damages resulting therefrom to Plaintiffs and similarly situated employees pursuant to 29 U.S.C. § 216(b);

D.     Determine the back pay due to Plaintiffs, and all similarly situated employees, as a result of Defendants' failure to provide 60 days' notice of GSI's closure in violation of the WARN Act, 29 U.S.C. §§ 2102 and 2104, and award all such appropriate back pay;

E.     Determine the damages sustained by Plaintiffs and all similarly situated employees as a result of Defendants' willful and intentional violations of the MWPCL, DCWPCL, and Virginia common law, and award all appropriate damages resulting therefrom to Plaintiffs and all similarly situated employees, including but not limited to treble damages pursuant to the MWPCL, Md. Code

Ann., Lab. & Empl. Art. § 3-507.2, and liquidated damages equal to treble the

amount of unpaid wages pursuant to the DCWPCL, D.C. Code § 32-1308(a)(1);

F.      Award Plaintiffs their costs and disbursements of this suit, including, without

limitation, interest, reasonable attorneys' fees, accountants' fees, investigators'

fees, experts' fees, and other associated costs; and

G.      Grant Plaintiffs and all similarly situated employees such other and further relief

as this Court may deem just and proper.

Dated:  <u>11/30/2018</u>                          Respectfully submitted,

By:  <u>/s/ *Daniel A. Katz*</u>
Daniel A. Katz, Bar No. 13026
Daniel_Katz@washlaw.org
WASHINGTON LAWYERS' COMMITTEE FOR
CIVIL RIGHTS AND URBAN AFFAIRS
11 Dupont Circle NW, Suite 400
Washington, DC 20036
Phone: (202) 319-1000
Fax: (202) 319-1010

Ada Fernandez Johnson, Bar. No. 20566
afjohnson@debevoise.com
DEBEVOISE & PLIMPTON LLP
801 Pennsylvania Avenue N.W.
Washington, DC 20004
Phone: (202) 383-8000
Fax: (202) 383-8118

Noelle E. Lyle, NY Bar No. 5243225
(*pro hac vice* application forthcoming)
nelyle@debevoise.com
Robert Papazian, NJ Bar No. 246352017
(*pro hac vice* application forthcoming)
rpapazian@debevoise.com

DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
(212) 909-6000

*Counsel for Plaintiffs*