IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOSE CARLOS ALFARO, *et al.*, | * | |
| Plaintiffs, | * | |
| | | Case No. TDC-18-3705 |
| v. | * | |
| GALI SERVICE INDUSTRIES, INC., *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \*

**REPORT AND RECOMMENDATION**

Pending before the Court is "Plaintiffs' Motion for Certification of Collective Action and Default Judgment Against Defendants Gali Service Industries, Inc., Francisco Gali, Sr., and Francisco Gali, Jr." ("Motion") (ECF No. 109).[1] No response has been filed and the time for responding has passed. *See* Loc. R. 105.2. Having considered Plaintiffs' Motion, I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, I recommend that Plaintiffs' Motion be granted in its entirety.

**I.    Background**

This lawsuit stems from the failure of Defendant Gali Service Industries, Inc. ("GSI") to pay its low-wage janitorial employees for the hours they worked from mid-August to September 11, 2018, the date on which GSI's operations shut down. ECF No. 109-1 at 2. Plaintiffs also claim that they are owed additional payments for overtime, prior work, and benefits. *Id.* On November 30, 2018, Plaintiffs filed a Complaint against Defendants GSI, Francisco Gali, Sr. ("Gali Sr."), Francisco Gali, Jr. ("Gali Jr.") (collectively, the "Gali Defendants"), and two other defendants

---

[1] This case was referred to me for a report and recommendation on Plaintiffs' Motion. ECF No. 111.

(LeRoy Dock and Bolana Enterprises, Inc.), alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"); violations of the WARN Act, 29 U.S.C. § 2104(a); violations of the Maryland Wage and Payment and Collection Law, Md. Code, Labor & Employ. Art., Title 3-501 *et seq.* ("MWPCL"); violations of the District of Columbia Wage Payment and Collection Law, D.C. Code § 32-1302 ("DCWPCL"); and violations of Virginia common law. Plaintiffs served GSI, Gali Sr., and Gali Jr. with process. ECF Nos. 8, 41 & 42. GSI, Gali Sr., and Gali Jr. have not responded, entered appearances, or otherwise defended themselves. Plaintiffs settled their lawsuit with the other two defendants (Dock and Bolana). *See* ECF No. 103.

On May 8, 2019, the Clerk of Court entered Orders of Default against GSI, Gali Sr., and Gali Jr. ECF Nos. 50, 51 & 52. The Clerk mailed copies of the Orders and Notices of Default to the Gali Defendants. *Id.*; ECF Nos. 53, 54 & 55. The Notices of Default mailed to Gali Sr. and Gali Jr. were returned as undeliverable. ECF Nos. 63 & 66. Thereafter, Plaintiffs attempted to serve Gali Sr. and Gali Jr. with the Orders and Notices of Default. *See* ECF No. 109-1 at 3. Plaintiffs served Gali Jr. with the Order and Notice of Default on August 27, 2021. *Id.* Plaintiffs attempted to serve the Order and Notice of Default on Gali Sr. on several occasions but were unsuccessful. *Id.* at 3-4. However, on March 17, 2021, Plaintiffs caused the Notice of Default to be delivered to Gali Sr. at his last known address and residence of his daughter. *Id.* at 4. Plaintiffs now move for certification of the FLSA collective action pursuant to 29 U.S.C. § 216(b), and entry of default judgment against the Gali Defendants pursuant to Fed. R. Civ. P. 54(b) and 55.

## II.     Discussion

### A.     Collective Action Certification

On October 21, 2019, the Court granted Plaintiffs' consent motion for collective action certification as to Defendants Dock and Bolana, appointed representatives of the collective, and

approved Notice and Consent Forms to be sent to Defendants' former employees. ECF No. 81. 330 employees opted in to the collective. The instant Motion concerns the same 330 individuals, and arises from the same underlying facts as the collective action that the Court previously certified as to Defendants Dock and Bolana.

Plaintiffs state that all potential members of the collective "were properly noticed of the action against all defendants," including the Gali Defendants. ECF No. 109-1 at 7. Plaintiffs suggest that requiring notice to be provided to the same employees again would be "redundant and a waste of judicial resources." *Id.* Instead, Plaintiffs request that the Court certify the 330 individuals that have already opted in as an FLSA collective against the Gali Defendants. *Id.* at 8.

"Under the FLSA, a collective action for unpaid minimum or overtime wages may be maintained 'by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.'" *Butler v. DirectSAT USA, LLC*, 47 F. Supp. 3d 300, 306 (D. Md. 2014) (quoting 29 U.S.C. § 216(b)). Collective actions must be certified even in the case of a defendant's default. *Andrews v. Am.'s Living Centers, LLC*, No. 1:10-CV-00257-MR-DLH, 2017 WL 3470939, at *3 (W.D.N.C. Aug. 11, 2017) (citing *Davis v. Precise Commc'n Servs., Inc.*, No. 1:07-CV-3128-JOF, 2009 WL 812276, at *1 (N.D. Ga. Mar. 27, 2009)). "In deciding whether to certify a collective action under the FLSA, courts generally follow a two-stage process." *Syrja v. Westat, Inc.*, 756 F. Supp. 2d 682, 686 (D. Md. 2010). In the first stage, the Court makes a "threshold determination of whether the plaintiffs have demonstrated that potential class members are similarly situated, such that court-facilitated notice to putative class members would be appropriate." *Butler*, 47 F. Supp. 3d at 306 (internal quotation marks omitted). As stated above, in this case, the Court granted conditional certification on October 22, 2019. Because all of the

3

employees entitled to notice have already received it, there is no need to resend notice to these employees.

In the second stage, the "court engages in a more stringent inquiry to determine whether the plaintiff class is [in fact] 'similarly situated' in accordance with the requirements of [Section] 216, and renders a final decision regarding the propriety of proceeding as a collective action." *Butler*, 47 F. Supp. 3d at 306 (quoting *Dorsey v. TGT Consulting, LLC*, 888 F. Supp. 2d 670, 686 (D. Md. 2012)). The Court has broad discretion to determine whether Plaintiffs have carried their burden to show that their claims are "similarly situated" and that a collective action is an appropriate means of prosecuting their FLSA claims. *Id.* "A group of potential plaintiffs are 'similarly situated' when they together were victims of a common policy or scheme or plan that violated the law." *Quinteros v. Sparkle Cleaning, Inc.*, 532 F. Supp. 2d 762, 772 (D. Md. 2008); *see also Randolph v. PowerComm Const., Inc.*, 309 F.R.D. 349, 368 (D. Md. 2015) ("[C]ollective action members are similarly situated when there are 'issues common to the proposed class that are central to the disposition of the FLSA claims and that such common issues can be substantially adjudicated without consideration of facts unique or particularized as to each class member.'") (quoting *LeFleur v. Dollar Tree Stores, Inc.*, 30 F. Supp. 3d 463, 468 (E.D. Va. 2014)).

I find that the 330 opt-in Plaintiffs that were certified as a collective as to Defendants Dock and Bolana are, in fact, similarly situated in their FLSA claims against the Gali Defendants, and that an FLSA collective action is an appropriate means of prosecuting their FLSA claims. Plaintiffs have demonstrated by payroll documents and declarations from the opt-in Plaintiffs that the collective representatives and other members of the collective are similarly situated: they were all employed by GSI as janitorial staff, and they were all deprived of pay, including the FLSA-mandated minimum wage, for approximately four weeks before GSI closed. *See* ECF No. 109-1

at 6. Accordingly, I recommend that the Court grant final certification of the collective containing 330 opt-in members as to the Gali Defendants. I further recommend that the Court appoint the same representative Plaintiffs that had previously been appointed as representatives for the purpose of the collective action as to the Gali Defendants.[2] I further recommend that the Washington Lawyers Committee for Civil Rights and Urban Affairs ("WLC") and Debevoise & Plimpton, LLC ("Debevoise") be jointly appointed as collective counsel. I further recommend that additional notice to the employees not be required. Potential members of the collective have already been notified of the action against all Defendants, including the Gali Defendants. *See* ECF No. 79-2.

### B. Default Judgment

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once default has been entered, the Court may entertain a motion for default judgment. Fed. R. Civ. P. 55(b). In determining whether to award a default judgment, the Court accepts as true the well-pleaded factual allegations in the complaint as to liability. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001); *United States ex rel. Durrett-Sheppard Steel Co. v. SEF Stainless Steel, Inc.*, No. RDB-11-2410, 2012 WL 2446151, at *1 (D. Md. June 26, 2012). Nonetheless, the Court must consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *United States v. Redden*, No. WDQ-09-2688, 2010 WL 2651607, at *2 (D. Md. June 30, 2012) (citing *Ryan*, 253 F.3d at 790). Although the Fourth Circuit has a "strong policy that cases be decided on the merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453

---

[2] These Plaintiffs are Jose Carlos Alfaro, Claudia Ajpuac Campa, Gladys Mancia Valle, Sonia Aracely Huezo, Esperanza de Jesus Blanco Quinteros, Manuel Campos Monterroza, Rafael Bonilla, Jose Ramos, Doneyda Benitez Dominguez, and Carlos Castro.

(4th Cir. 1993), default judgment "is appropriate when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). If the Court determines that liability is established, the Court must then determine the appropriate amount of damages. *CGI Finance, Inc., v. Johnson*, No. ELH-12-1985, 2013 WL 1192353, at *1 (D. Md. March 21, 2013). The Court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations. *Durrett-Sheppard Steel Co.*, 2012 WL 2446151, at *1.

Rule 55 of the Federal Rules of Civil Procedure provides that "[i]f, after entry of default, the Plaintiff's Complaint does not specify a 'sum certain' amount of damages, the court may enter a default judgment against the defendant pursuant to Fed. R. Civ. P. 55(b)(2)." A plaintiff's assertion of a sum in a complaint does not make the sum "certain" unless the plaintiff claims liquidated damages; otherwise, the complaint must be supported by affidavit or documentary evidence. *United States v. Redden*, No. WDQ-09-2688, 2010 WL 2651607, at *2 (D. Md. June 30, 2012). Rule 55(b)(2) provides that "the court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." The Court is not required to conduct an evidentiary hearing to determine damages, however; it may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. *See, e.g., Mongue v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

    **1.    Liability**

The Court accepts the following facts, which are drawn from Plaintiffs' Complaint (ECF No. 1), as true. Plaintiffs are former employees of GSI, a now-defunct janitorial services business.

ECF No. 1 at 5-6. Gali Sr. and Gali Jr. were, at all relevant times, owners and officers of GSI. *Id.* at 6. Gali Sr. and Gali Jr. "exercised control over hiring, firing, setting schedules for, determining the rate and method of payment for, and maintaining employment records for Plaintiffs and other GSI employees." *Id.* at 14. Each of the Gali Defendants was an employer of Plaintiffs within the meaning of the FLSA. *Id.* at 15.

GSI discontinued its business operations on September 11, 2018. *Id.* at 6. The Gali Defendants terminated Plaintiffs' employment around that time and did not pay them for "a portion of their time worked in August and September 2018, did not pay some or all Plaintiffs accrued leave or other benefits, and did not provide them notice that GSI's business would be discontinued." *Id.* In addition, the Gali Defendants failed to pay some of the Plaintiffs overtime. *Id.* at 17. The Gali Defendants' failure to pay Plaintiffs was willful and intentional. *Id.* There was no bona fide dispute that the Gali Defendants were required to pay Plaintiffs, and the wages withheld from the Plaintiffs were not withheld as a result of a bona fide dispute. *Id.*

The Gali Defendants were subject to the provisions of FLSA because (1) the members of the collective were "engaged in commerce or the production of goods for commerce" during their employment by GSI, and (2) GSI was "an enterprise engaged in commerce or the production of goods for commerce." *See generally Guerra v. Teixeira*, No. TDC-16-0618, 2019 WL 330871, at *12 (D. Md. Jan. 25, 2019) (citing 29 U.S.C. § 203(s)(1)). Specifically, Plaintiffs are covered employees under the individual theory of FLSA coverage because GSI, a Maryland Corporation, required them to regularly engage in interstate travel to provide cleaning services to buildings in Washington, D.C. and Virginia, and because GSI employees "regularly handled cleaning and janitorial supplies that moved in interstate commerce." ECF No. 109-1 at 11-12. GSI is also subject to the FLSA under the enterprise theory of coverage because GSI "has well over $500,000 of

annual gross volume of sales made or business done." *Id.* at 12 (citing evidence that GSI's total income for January through July 2018 was more than $15 million).

Under the FLSA, the Gali Defendants had an obligation to pay all members of the collective a minimum wage of at least $7.25 per hour. 29 U.S.C. § 206. During August and September 2018, the Gali Defendants failed to pay the members of the collective the minimum wages due for work performed. ECF No. 1 at 18. The Gali Defendants' actions were repeated, willful, knowing, intentional, and bad faith violations of the FLSA. *Id.* at 18, 23.

Accepting the well-pleaded allegations of the Complaint as true, I find that Plaintiffs have established that the Gali Defendants are subject to the FLSA, that the Plaintiffs are covered employees protected by the FLSA, and that the Gali Defendants violated the FLSA by failing to pay the required minimum wage for all hours worked and overtime wages for every hour worked over forty hours in a seven-day period. I recommend that the Motion be granted as it relates to the liability of the Gali Defendants for violation of the FLSA (Count I of the Complaint).

    **2.**    **Damages**

Having determined that Plaintiffs have established liability, it is now appropriate to determine the damages and remedies to which Plaintiffs are entitled. Plaintiffs seek the following damages:

- $742,430.87 for unpaid minimum wages, overtime, and liquidated damages;
- $101,356 for attorneys' fees and $159.60 for costs as to work performed by WLC; and
- $165,665 for attorneys' fees as to work performed by Debevoise.

These damages are consistent with the damages that Plaintiffs pleaded in the Complaint. ECF No. 1 at 23. In their proposed order (ECF No. 109-25), Plaintiffs request that the Court award these damages against each of the Gali Defendants so that each defendant is jointly and severally liable.

### a.     Unpaid Wages and Liquidated Damages

Under the FLSA, unpaid wages are owed to employees for all hours worked at a rate of $7.25 per hour up to 40 hours in a single workweek. 29 U.S.C. §§ 206(a)(1)(c), 207(a)(1). Overtime wages are owed for every hour worked over forty hours in a workweek. 29 U.S.C. § 207(a)(1). An employee's overtime wages are calculated "at a rate not less than one and one-half times the regular rate at which he is employed." *Id.* An employer who violates 29 U.S.C. §§ 206 or 207 "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). As to liquidated damages, "[c]ourts have routinely held that there is a presumption in favor of an award of liquidated damages when the court determines that an employer violated the FLSA." *Nolet v. APS Solutions, Inc.*, No. GJH-20-70, 2021 WL 4502811, at *6 (D. Md. Sept. 30, 2021) (citing *Rogers v. Sav. First Mortg., LLC*, 362 F. Supp. 2d 624, 637 (D. Md. 2005); *Lanza v. Sugarland Run Homeowners Assoc., Inc.*, 97 F. Supp. 2d 737, 739 n.9 (E.D. Va. 2000)). If an employer "shows to the satisfaction of the court" that their FLSA violation "was in good faith" and that the employer had "reasonable grounds for believing that his act or omission was not a violation" of the FLSA, the Court has discretion to award no liquidated damages. 29 U.S.C. § 260.

In support of their claim for unpaid wages, overtime, and liquidated damages in the amount of $742,430.87, Plaintiffs filed a declaration signed by Ada Fernandez Johnson, an attorney at Debevoise. ECF No. 109-2. Plaintiffs' damages calculations are set forth in a spreadsheet filed at ECF No. 109-3, and the information contained therein is based on the opt-in Plaintiffs' sworn declarations (ECF Nos. 109-4, 109-5, 109-6 & 109-7), payroll information obtained from GSI (ECF Nos. 109-8, 109-9, 109-10, 109-11, 109-12, 109-13 & 109-14), and interviews collected by

attorneys at WLC. ECF No. 109-2 at 1-3. Plaintiffs have provided sufficient support for their claim for unpaid wages, overtime, and liquidated damages in the total amount of $742,430.87. I recommend that the Court award damages to Plaintiffs in this amount for unpaid wages, overtime, and liquidated damages.

### b. Attorneys' Fees and Costs

An award of reasonable attorneys' fees and costs is mandatory when a plaintiff prevails on an FLSA claim. 29 U.S.C. § 216(b). Plaintiffs seek an award of attorneys' fees in the amount of $165,665 for work performed by Debevoise. ECF No. 109-2 at 3. According to Ms. Johnson's declaration, Debevoise calculated its attorneys' fees using the presumptively reasonable hourly rates set forth in Appendix B of the Court's Local Rules. *Id.* Ms. Johnson notes that these rates are substantially lower than Debevoise's standard billing rates. *Id.* If Debevoise had claimed attorneys' fees using its standard rates, its fees would exceed $500,000. *Id.* Debevoise has submitted a spreadsheet of billing records detailing how its attorneys performed nearly 600 hours of work in this case. ECF No. 109-21. I find that the hourly rates that Debevoise's attorneys have claimed are reasonable. I find that the number of hours that they dedicated to this case is also reasonable. I recommend that the Court award attorneys' fees to Plaintiffs in the amount of $165,665 for work performed by attorneys at Debevoise.

Plaintiffs seek an award of attorneys' fees in the amount of $101,356 and costs in the amount of $159.60 for work performed by WLC. WLC supports its claim for attorneys' fees and costs with the declaration of Joanna Wasik, Supervising Counsel at WLC. ECF No. 109-22. Like Debevoise, WLC is requesting fees that comport with the presumptively reasonable hourly rates set forth in Appendix B of the Local Rules. *Id.* at 5. WLC's claim for attorneys' fees and costs is supported by a spreadsheet of billing records (ECF No. 109-23), and its claim for costs is detailed

in a chart filed at ECF No. 109-24. Having reviewed WLC's claim for attorneys' fees and costs, I find that the hourly rates WLC has claimed are reasonable, that the hours of work the attorneys associated with WLC performed are reasonable, and that the costs claimed are reasonable. I recommend that the Court award to Plaintiffs attorneys' fees in the amount of $101,356 and costs in the amount $159.60 for work performed by WLC.

## III. CONCLUSION

In sum, I recommend that the Court:

1. Grant Plaintiffs' Motion for Certification of Collective Action and Default Judgment Against Defendants Gali Service Industries, Inc., Francisco Gali, Sr., and Francisco Gali, Jr. (ECF No. 109);

2. Certify this case as a 29 U.S.C. § 216(b) collective action containing 330 opt-in members;

3. Appoint Plaintiffs Jose Carlos Alfaro, Claudia Ajpuac Campa, Gladys Mancia Valle, Sonia Aracely Huezo, Esperanza de Jesus Blanco Quinteros, Manuel Campos Monterroza, Rafael Bonilla, Jose Ramos, Doneyda Benitez Dominguez, and Carlos Castro as representatives of the collective action;

4. Appoint WLC and Debevoise as co-counsel to the collective action;

5. Enter default judgment against Defendants Gali Service Industries, Inc., Francisco Gali, Sr., and Francisco Gali, Jr. as to Plaintiffs' FLSA claim in Count I of the Complaint;

6. Find that the Defendants have not put forth a good faith reason for the withholding of wages owed to the Plaintiffs;

7. Order that Defendants are jointly and severally liable to Plaintiffs for $742,430.87 for unpaid minimum wages, overtime, and liquidated damages;

8.      Order that Defendants are jointly and severally liable to WLC for $101,356 in reasonable attorneys' fees and $159.60 in reasonable costs; and

9.      Order that Defendants are jointly and severally liable to Debevoise for $165,665 in reasonable attorneys' fees.

The recommendations set forth above are consistent with Plaintiffs' proposed order (ECF No. 109-25). I further recommend that the Court dismiss Plaintiffs' remaining claims and close this case.

I also direct the Clerk to mail a copy of this Report and Recommendation to the Gali Defendants at the addresses listed below (*see* ECF No. 110 at 2):

Gali Service Industries, Inc.
c/o The Corporation Trust, Inc.
2405 York Rd., Suite 201
Lutherville Timonium, MD  21092

Gali Service Industries, Inc.
c/o Maryland State Department of Assessments and Taxation
301 West Preston St., Suite 801
Baltimore, MD  21201

Francisco Gali, Sr.
3727 Moorland Drive
Charlotte, NC  28226

Francisco Gali, Jr.
3727 Moorland Drive
Charlotte, NC  28226

Francisco Gali, Jr.
10109 Garden Way
Potomac, MD  20854

Francisco Gali, Sr.
6504 Smoot Drive
McLean, VA  22101

Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5(b).


October 8, 2021                                           /s/
Date                                                  Timothy J. Sullivan
                                                      United States Magistrate Judge